**E-FILED**
Tuesday, 08 November, 2005  02:49:56 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### ROCK ISLAND DIVISION

| | | |
|---|---|---|
| TODD GREEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-4007 |
| | ) | |
| STAN CARNEY and | ) | |
| SHIRLEY CARNEY, | ) | |
| | ) | |
| Defendants. | ) | |

# O R D E R

Before the Court is Plaintiff Todd Green's § 1983 Complaint [Doc. #8]; Defendants Stan and Shirley Carney's ("the Carneys") Motion to Dismiss [Doc. #14], and Supporting Memorandum [Doc. #15]; and Plaintiff's Resistance to Defendants' Motion to Dismiss [Doc. #17]. For the reasons that follow, Defendants' Motion to Dismiss Plaintiff's Complaint will be granted.

### I.
### BACKGROUND

The Court first points out that the instant matter is just Plaintiff's latest attempt to have this Court "set aside" a decision render by the Henry County State Court which he dislikes. In two other cases before this Court (Case Nos. 05-4074 and 05-4006), Plaintiff attacked the validity of a series of orders issued by the Henry County State Court. In each of those cases, this Court dismissed Plaintiff's complaint for lack

of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine.

In his latest kamikaze attack on the Henry County State Court, Plaintiff alleges that the Carneys conspired with Judge McReynolds during a forcible entry and detainer hearing to deprive him of his constitutional rights. In particular, Plaintiff claims that the Carneys breached an oral agreement not to foreclose on his home and, as a result of the Carneys instituting a forcible entry and detainer action against him, he was deprived of his property rights, as well as his right to be free from unreasonable seizures. Plaintiff also alleges that the Carneys waited until he was incarcerated for violating an order of protection before seeking foreclosure. He claims that this deprived him of access to the courts and a proper defense in violation of the due process and equal protection clauses. In addition to his constitutional claims, he also asserts a host of state law claims against the Carneys for breach of contract, promissory estoppel, emotional distress, abuse of process, and retaliation.

## II.
## LEGAL STANDARD

The burden lies with a plaintiff, even one proceeding pro se, to submit a complaint which minimally complies with the Federal Rules of Civil Procedure. This Court, however, is

obliged to construe Plaintiff's pro se allegations liberally. See Haines v. Kerner, 404 U.S. 529, 520-21 (1972); Vanskike v. Peters, 974 F.2d 806, 807 (7th Cir. 1992). Despite a liberal reading, the Court must still determine whether it has jurisdiction over the instant matter before reaching the merits of Defendants' Motion to Dismiss. As the Seventh Circuit has held, "[s]ubject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further." Illinois v. City of Chicago, 137 F.3d 474, 478 (7th Cir. 1998). This is true even if the parties fail to raise the jurisdictional issue themselves. See Robinson v. Bergstrom, 579 F.2d 401, 404 (7th Cir. 1978); see also Levin v. Attorney Registration & Disciplinary Comm'n of the Supreme Court of Illinois, 74 F.3d 763, 766 (7th Cir. 1996) (stating that subject matter jurisdiction cannot be waived and may be raised *sua sponte* at any point in the proceedings).

Under the *Rooker-Feldman* doctrine, lower federal courts lack subject matter jurisdiction to hear claims seeking review of state court decisions. See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). As the Supreme Court held, "[i]f the constitutional claims presented to a United States district court are inextricably intertwined with the state court's

3

[decision,] . . . then the district court is in essence being called upon to review the state-court decision. This the district court may not do." <u>Feldman</u>, 460 U.S. at 483. Therefore, even claims that were not actually argued in the state court may be barred by the *Rooker-Feldman* doctrine if inextricably intertwined with the state court decision. <u>See Long v. Shorebank Dev. Corp.</u>, 182 F.3d 548, 554 (7th Cir. 1999).

Thus, "[t]he fundamental and appropriate question to ask is whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment." <u>Garry v. Geils</u>, 82 F.3d 1362, 1365 (7th Cir. 1996). If the alleged injury resulted from the state court judgment, then it is inextricably intertwined with it and may not be reviewed by a federal district court, even if the state court judgment was erroneous or unconstitutional. <u>See Centres, Inc. v. Town of Brookfield</u>, 148 F.3d 699, 702 (7th Cir. 1998). In this situation, the federal plaintiff must seek relief through the state court system and ultimately to the Supreme Court; the federal district court does not serve as a shortcut. <u>See Long</u>, 182 F.3d at 554. On the other hand, if the alleged injury is independent of the state court judgment and not inextricably intertwined with it, then the *Rooker-Feldman* doctrine does not apply. <u>See Centres</u>, 148 F.3d at 702.

4

The Seventh Circuit has identified at least two circumstances in which the alleged injury will be deemed independent of the state court judgment.  First, where the federal plaintiff challenges the constitutionality of a state law in general, rather than attacking the validity of the state court's judgment in his particular case, *Rooker-Feldman* does not apply.  See <u>Ritter v. Ross</u>, 992 F.2d 750, 754 (7th Cir. 1993); <u>see also</u> <u>Feldman</u>, 460 U.S. at 485-86 (stating that general challenges to the constitutionality of a state court rule do not necessarily require a federal district court to review a particular state court decision).  Second, the *Rooker-Feldman* doctrine is also inapplicable when the federal plaintiff alleges a prior injury that the state court judgment failed to remedy, rather than an injury caused by the state court judgment itself. <u>See</u> <u>Centres</u>, 148 F.3d at 702.

These fine line distinctions, however, have proven much easier for the federal courts to articulate, than to actually apply in given cases.  <u>See</u> <u>Ritter v. Ross</u>, 992 F.2d 750, 754 (7th Cir. 1993) (stating that "[t]his difficulty is evinced by the varying outcomes courts reach when faced with similar facts."); Gary Thompson, Note, *The Rooker-Feldman Doctrine and the Subject Matter Jurisdiction of Federal District Courts*, 42 Rutgers L. Rev. 859, 880 n.95, 881 n.98 (1990) (comparing conflicting court decisions).  As a result, the Seventh Circuit

5

has developed a general rule of thumb for determining when to dismiss a case based on the *Rooker-Feldman* doctrine.[1]   See Centres, 148 F.3d at 702-03.   In Homola v. McNamara, the court provided the following guideline:

> A plaintiff who loses and tries again encounters the
> law of preclusion.   The second complaint shows that
> the plaintiff wants to ignore rather than upset the
> judgment of the state tribunal.   A *defendant* who has
> lost in state court and sues in federal court does not
> assert injury at the hands of his adversary; he
> asserts injury at the hands of the court, and the
> second suit therefore is an effort to obtain
> collateral review.   It must be dismissed not on the
> basis of preclusion but for lack of jurisdiction.

59 F.3d 647, 650 (7th Cir. 1995) (emphasis in original). Therefore, if the *Rooker-Feldman* doctrine is applicable to Plaintiff's *pro se* allegations, this Court need not reach the merits of Defendants' Motion to Dismiss.

## III.
## ANALYSIS

It seems evident to this Court that all of Plaintiff's constitutional claims are "inextricably intertwined" with, and ultimately the direct result of, the state court judgment entered by Judge McReynolds' in the forcible entry and detainer proceeding.   That is, to address the merits of Plaintiff's constitutional claims would inevitably require this Court to

---

[1] This Court is cognizant of the Seventh Circuit's warning that the guideline is intended merely as an aid to the analysis and is not the analysis itself.   See Centres, 148 F.3d at 703.

review the substance and accuracy of Judge McReyonlds' state court decision. As stated above, federal district courts are prohibited from engaging in such a review under the *Rooker-Feldman* doctrine.

This conclusion is further bolstered by the fact that Plaintiff was the defendant in the forcible entry and detainer proceeding in which he was merely attempting to avoid an adverse decision; he was not a plaintiff seeking to vindicate an independent right violated by Defendants prior to the state court proceeding at issue. Although Plaintiff did not personally appear before the state court during the proceeding, he was represented by counsel and had ample opportunity to raise all his constitutional and state law claims. Either Plaintiff failed to raise these claims or the state court's adverse decision in the forcible entry and detainer proceeding was an implicit finding that Plaintiff's allegations were unsubstantiated. See Crestview Vill. Apts. v. United State HUD, 383 F.3d 552, 556-57 (7th Cir. 2004). Either way, a decision by this Court in favor of Plaintiff would undermine the findings of the state court.

Even if the state court judgment was wrongfully procured or the decision to proceed without Plaintiff's personal appearance at the forcible entry and detainer proceeding was a violation of his constitutional rights, as Plaintiff alleges, Judge

McReynolds' decision remains in full force and effect until it is reversed or modified by an appropriate state court.  Simply put, Plaintiff cannot evade the *Rooker-Feldman* doctrine by attempting to slip through the back door of the federal courts. As such, this Court lacks subject matter jurisdiction over Plaintiff's constitutional claims.

## IV.

## Conclusion

Plaintiff's constitutional claims are barred by the *Rooker-Feldman* doctrine.  Therefore, because all of Plaintiff's claims over which this Court had original jurisdiction have been dismissed, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.  See 28 U.S.C. § 1367(c)(3).

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss Plaintiff's Complaint is granted and this case is dismissed.

Entered this  8th  day of November, 2005.

_ _/s/ Joe B. McDade _____
JOE BILLY McDADE
United States District Judge